■ In the Matter of the Claim of ETHEL GORDON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Motion dismissed, without costs, and without prejudice to a motion, pursuant to CPLR 1021, to dismiss the appeal in the event a motion for substitution is not timely made. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (June 22, 1966)

■ In the Matter of JOHN G. Dow, Respondent, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Appellant.— Order reversed, on the law, and petition dismissed on the ground that the proceeding was not timely commenced. (Election Law, § 314, subd. 12; L. 1966, ch. 106; *Matter of Hayes* v. *Lomenzo,* 26 A D 2d 596, affd. 17 N Y 2d 933.) Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

## (June 28, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. DISPENZA, Appellant.— HERLIHY, J. P. We have examined all of the points (1–4) set forth in the appellant's brief and find them to be either without merit or not a proper subject of the present appeal. Judgment imposed upon resentencing and order denying motion to withdraw the plea of guilty affirmed. Reynolds, Taylor, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Claim of EVELYN HESSEL, Appellant, v. CROSCILL CURTAIN Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying claimant an award of death benefits. On July 9, 1960 decedent committed suicide. Claimant seeks to establish that a work-connected back injury sustained in October, 1958 contributed to the development of a psychosis and that as a result of this psychosis the decedent committed suicide. The sole ground for reversal advanced here is that the evidence mandated the board's finding that decedent was suffering from a causally related psychosis at the time he committed suicide. It is urged that prior to the referral by the board of this issue to an impartial specialist the medical evidence was "ambiguous, uncertain and not definite" and thus did not constitute substantial evidence, and that, therefore, since the impartial specialist found a causally related psychosis and that the decedent committed suicide as a result thereof, the board's decision must be reversed. We cannot agree with this contention. On the instant record the board in the exercise of its fact finding power could reject the testimony of the impartial specialist (*Matter of Schillaci* v. *175 West 12th St. Constr. Corp.,* 21 A D 2d 934) and claimant's witness and properly accept that of the carrier's expert. Decision affirmed, without costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.